UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY C. GONZALES, CDCR #AH-5287, | Case No.: 19-cv-00660-GPC-RBM |
|---|---|
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL** |
| v. | |
| NICHOLE GARCIA; JUAN FLORES, | |
| Defendants. | [**Doc. 9**] |

## I. INTRODUCTION

Anthony C. Gonzales ("Plaintiff"), a California prisoner proceeding *in pro per* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). (*See generally* Docs. 1, 3.) Plaintiff asserts an Eighth Amendment cause of action for inadequate medical care against Calipatria State Prison ("Calipatria") staff members Nichole Garcia ("Garcia") and Juan Flores ("Flores") (collectively "Defendants"). (Doc. 1 at 2-6.)

Plaintiff filed a Motion to Appoint Counsel ("Motion"), which this Court accepted *nunc pro tunc* to July 15, 2019. (Doc. 9.) Plaintiff claims appointment of counsel is necessary because he does not have materials and lacks knowledge of the law. (*Id.* at 1.) After a thorough review of the moving papers, the Court does not find exceptional circumstances

1

exist to justify appointment of counsel at this time. Accordingly, Plaintiff's Motion is **DENIED**, without prejudice.

## II. BACKGROUND

Plaintiff filed his Complaint on April 8, 2019, alleging Defendants engaged in conduct deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 1.) According to the Complaint, Plaintiff underwent surgery on his left elbow on August 17, 2018 and, post-operation, Plaintiff's primary care physician ordered seven days of daily dressing changes to Plaintiff's surgical wound. (Doc. 1 at 3.) Plaintiff claims Calipatria medical staff provided Plaintiff new wound dressing the first three days following surgery (i.e., August 18-20, 2018), but not the fourth, fifth and sixth post-operation days (i.e., August 21-23, 2018). (*Id.*) Plaintiff attributes his lack of new wound dressings on August 21-23, 2018, to a healthcare service technician's failure to schedule appointments. (*Id.*)

Although Plaintiff did not have scheduled appointments on August 21-23, 2018, Plaintiff "went to the clinic anyways on all these dates." (*Id.*) On these dates, Plaintiff claims Garcia, a licensed vocational nurse, refused to re-dress Plaintiff's surgical wound because he did not have scheduled appointments. (*Id.*) Plaintiff contends his surgical wound became swollen and infected as a result of Garcia's deliberate indifference to Plaintiff's medical needs. (*Id.* at 4-5.) Plaintiff also claims Flores, a "Senior-Registered Nurse/Supervising Officer" failed to properly train and supervise Garcia to provide adequate medical care. (*Id.* at 3-4.)

On July 11, 2019, Flores filed a Motion to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. (Doc. 7.) Garcia filed an Answer on July 17, 2019. (Doc. 10.) Now, Plaintiff moves the Court to appoint counsel. (Doc. 9.)

## III. APPLICABLE LAW

Generally, a person has no right to court-appointed counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (finding no abuse of discretion in denying appointment of counsel in Section 1983 action, citing *Storseth v. Spellman*, 654 F.2d 1349,

2

19-cv-00660-GPC-RBM

1353 (9th Cir. 1981)). However, pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer*, 560 F.3d at 970 (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). In determining whether "exceptional circumstances" exist, the court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither of these considerations is dispositive but instead must be viewed together. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, No. 1:14-CV-00093-LJO-SKO, 2014 U.S. Dist. LEXIS 72791, at *1 n.1 (E.D. Cal. May 27, 2014) ("[c]ounsel is appointed in [Section 1983 cases] only rarely, if exceptional circumstances exist"); *United States v. Melluzzo*, No. CV-09-8197-PCT-MHM, 2010 U.S. Dist. LEXIS 53053, at *3 (D. Ariz. May 3, 2010) ("appointment of counsel in a civil case is rarely invoked . . ."); *see also Schwartzmiller v. Roberts*, No. 19-1276-FR, 1994 U.S. Dist. LEXIS 1620, at *3 n.1 (D. Or. Feb. 11, 1994) ("[i]t is extremely rare that indigent civil defendants are appointed counsel in judicial proceedings").

## IV. DISCUSSION

Here, there are no "exceptional circumstances" to justify appointment of counsel at this time. Litigation is in its early stages, as Defendants only recently filed responsive pleadings to Plaintiff's Complaint. (Docs. 7, 10.) Therefore, it is difficult to determine Plaintiff's likelihood of success on the merits of his claim. To the extent this case proceeds beyond summary judgment, the Court will be in a better position to make such determination.

As in *Terrell*, Plaintiff's Eighth Amendment claim is not sufficiently complex to warrant appointment of counsel. *See Terrell*, 935 F.2d at 1017 (affirming denial of request for appointment of counsel and reasoning claim alleging Eighth Amendment violations not sufficiently complex to warrant appointment of counsel). Although Plaintiff claims he "lack[s] knowledge of [the] law," Plaintiff demonstrated literacy and an ability to communicate through pleadings and motions to sufficiently articulate his claims pro se. (Doc. 9 at 1; *see Palmer*, 560 F.3d at 970 (affirming denial of appointment of counsel where a plaintiff demonstrates ability to effectively present case).) Likewise, the exhibits appended to Plaintiff's Complaint demonstrate Plaintiff's ability to participate in a factual investigation of his claim. (*See generally* Doc. 1 at 8-56, Exs. A-D.)

Plaintiff also claims appointment of counsel is necessary because he lacks materials to litigate. (Doc. 9 at 1.) However, Plaintiff fails to articulate any facts that demonstrate a lack of materials impeded Plaintiff's ability to litigate his claim pro se. *Palmer*, 560 F.3d at 970.

In considering the nature of Plaintiff's claim together with Plaintiff's ability to articulate such claim, the Court does not find exceptional circumstances exist to justify appointment of counsel at this time. If this case proceeds beyond summary judgment, the Court may consider appointment of trial counsel.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**, without prejudice.

**IT IS SO ORDERED**.

DATE: July 31, 2019

_____
HON. RUTH BERMUDEZ MONTENEGRO
United States Magistrate Judge