UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. GONZALES, CDCR #AH-5287,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLE GARCIA; JUAN FLORES,<br><br>Defendants. | Case No.: 3:19-cv-00660-GPC-RBM<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO APPOINT COUNSEL**<br><br>[Doc. 19.] |

## I. INTRODUCTION

Anthony C. Gonzales ("Plaintiff"), a California prisoner proceeding *in pro per* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). (*See generally* Docs. 1, 3.) Plaintiff claims Calipatria State Prison ("Calipatria") staff members Nichole Garcia ("Garcia") and Juan Flores ("Flores") (collectively "Defendants") violated Plaintiff's Eighth Amendment right to adequate medical care. (Doc. 1 at 2-6.)[1]

---

[1] Flores filed a Motion to Dismiss on July 11, 2019, which is pending a ruling. (Doc. 7.) Plaintiff's response to Flores' Motion to Dismiss "concedes" to dismiss Flores as a defendant. (Doc. 14.)

1

Plaintiff filed an initial Motion to Appoint Counsel ("Initial Motion") in July 2019, which the Court denied without prejudice by Order dated July 31, 2019. (Docs. 9, 13.) Now, Plaintiff files a second Motion for Appointment of Counsel ("Second Motion"). (Doc. 19.) While Plaintiff's Second Motion asserts additional facts seeking to demonstrate Plaintiff's need for appointment of counsel, Plaintiff presents no basis to justify modification of the Court's July 31, 2019 Order. (Docs. 13, 19.) Accordingly, Plaintiff's Second Motion is **DENIED**, without prejudice.

## II. PROCEDURAL HISTORY

### A. Complaint

The crux of Plaintiff's Complaint alleges Defendants engaged in conduct deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 1.) According to the Complaint, Plaintiff underwent surgery on his left elbow on August 17, 2018 and, post-operation, Plaintiff's primary care physician ordered seven days of daily dressing changes to Plaintiff's surgical wound. (*Id.* at 3.) Plaintiff claims Calipatria medical staff did not provide new wound dressing each day as ordered. (*Id.*) Plaintiff claims Garcia, a licensed vocational nurse, refused to re-dress Plaintiff's surgical wound because he did not have scheduled appointments. (*Id.*) Plaintiff alleges his surgical wound became swollen and infected as a result of Garcia's deliberate indifference to Plaintiff's medical needs. (*Id.* at 4-5.)

### B. Initial Motion to Appoint Counsel

In the Initial Motion, Plaintiff alleged appointment of counsel was necessary because Plaintiff lacked materials and knowledge of the law. (Doc. 9 at 1.) The Court considered the early stage of litigation, the relatively straightforward nature of the claim and Plaintiff's ability to sufficiently articulate his claims pro se. (Doc. 13 at 3-4.) Based upon the foregoing, the Court found no exceptional circumstances existed to justify appointment of counsel at the time of issuance of its Order. (*Id.* at 4.) However, the Court also stated, "[i]f this case proceeds beyond summary judgment, the Court may consider appointment of trial counsel." (*Id.*)

2

| | |
|---|---|
| 1 | C.     <u>Second Motion to Appoint Counsel</u> |

C.     <u>Second Motion to Appoint Counsel</u>

Plaintiff's Second Motion seeks identical relief as the Initial Motion, however, Plaintiff raises the following additional facts and argument: Plaintiff is unable to afford counsel; Plaintiff is incarcerated and has extremely limited access to the law library; Plaintiff lacks the experience, education and means to litigate including participation in fact and expert discovery, motions practice and trial; and Plaintiff contends the issues in the case are complex and Plaintiff has a high likelihood of success on the merits. (Doc. 19 at 1-2.)

### III.     <u>DISCUSSION</u>

A.     <u>Legal Standard</u>

Pursuant to 28 U.S.C. § 1915(e)(1), a court may appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005)). In determining whether "exceptional circumstances" exist, the Court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970 (citing *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Only "rarely" will a federal court find a case to be so complex that it is appropriate to appoint counsel for a civil litigant who faces no loss of liberty in the controversy at hand. *See Dotson v. Doctor*, No. 1:14-CV-00093-LJO-SKO, 2014 U.S. Dist. LEXIS 72791, at *1 n.1 (E.D. Cal. May 27, 2014) ("[c]ounsel is appointed in [Section 1983 cases] only rarely, if exceptional circumstances exist"); *United States v. Melluzzo*, No. CV-09-8197-PCT-MHM, 2010 U.S. Dist. LEXIS 53053, at *3 (D. Ariz. May 3, 2010) ("appointment of counsel in a civil case is rarely invoked . . ."); *see also Schwartzmiller v. Roberts*, No. 19-1276-FR, 1994 U.S. Dist. LEXIS 1620, at *3 n.1 (D. Or. Feb. 11, 1994) ("[i]t is extremely rare that indigent civil defendants are appointed counsel in judicial proceedings").

B. <u>No Exceptional Circumstances Exist to Justify Appointment of Counsel</u>

As set forth *supra*, Plaintiff's Second Motion asserts additional facts and argument to support his request for appointment of counsel than those originally alleged in the Initial Motion. (*Supra*, p. 3, *comparing* Doc. 9 *with* Doc. 19.) However, the additional facts Plaintiff cites do not justify appointment of counsel because the underlying circumstances which existed at the time the Court issued its July 31, 2019 Order have not changed. As the Court explained in its July 31, 2019 Order, it is difficult to determine Plaintiff's likelihood of success on the merits because litigation is in its early stages. (Doc. 13 at 3.) Moreover, Plaintiff's cause of action alleging an Eighth Amendment violation is not sufficiently complex to warrant appointment of counsel. *See Terrell*, *supra*, 935 F.2d at 1017 (affirming denial of request for appointment of counsel and reasoning claim alleging Eighth Amendment violations not sufficiently complex to warrant appointment of counsel).

While Plaintiff is incarcerated and lacks formal legal training, Plaintiff demonstrates literacy and an ability to communicate through pleadings and motions to sufficiently articulate his claims pro se. *See Palmer*, 560 F.3d at 970 (affirming denial of appointment of counsel where plaintiff demonstrates ability to effectively present case). To be sure, Plaintiff has filed a coherent Complaint, the Initial Motion, a Response to Defendant Flores' Motion to Dismiss and the instant Motion. (Docs. 1, 9, 14, 19.) Likewise, Plaintiff appears to have adequate law library access and the ability participate in meaningful discovery as evidenced by Plaintiff's ability to gather medical records pertinent to Plaintiff's claim and his willingness to meet and confer with opposing counsel for purposes of formulating a Joint Discovery Plan. (Doc. 1 at 8-56 (attaching various medical records as exhibits); Doc. 20.)

In considering the nature of Plaintiff's claim together with Plaintiff's ability to articulate such claim pro se, the Court does not find exceptional circumstances exist to justify appointment of counsel at this time. **If this case proceeds beyond summary judgment**, the Court **may** consider appointment of **trial counsel**.

4

If Plaintiff files any subsequent motion seeking appointment of counsel before the dispositive motion deadline (i.e., the summary judgment deadline), **Plaintiff is admonished to comply with this District's Civil Local Rules**. Civil Local Rule 7.1(i)(1) governs motions for reconsideration and requires such motion to be accompanied by an affidavit of the party setting forth "the material facts and circumstances surrounding each prior application [or motion], including . . . (1) when and to what judge the application [or motion] was made, (2) what ruling or decision or order was made thereon, and (3) **what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application [or motion]**." CivLR 7.1(i)(1) (emphasis added).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**, without prejudice.

**IT IS SO ORDERED.**

DATE: October 2, 2019

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE