UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLE GARCIA and JUAN FLORES,<br><br>Defendant. | Case No.: 19-cv-0660-GPC-RBM<br><br>**ORDER GRANTING MOTION TO DISMISS AS TO DEFENDANT FLORES**<br><br>**ECF No. 7.** |

On April 8, 2019, Plaintiff Anthony Gonzales ("Plaintiff") filed a complaint against Nurses Nichole Garcia and Juan Flores. ECF No. 1. On July 11, 2019, Defendant Flores filed a Rule 12(b)(6) motion to dismiss. ECF No. 7. Plaintiff responded on August 5, 2019. ECF No. 14. Based on a review of the papers, the Court finds this matter suitable for adjudication without oral argument pursuant to Local Rule 7.1(d)(1) and **GRANTS** Defendant's motion to dismiss Plaintiff's complaint as alleged against Defendant Flores.

**Discussion**

Plaintiff alleges that Nurse Nichole Garcia acted with deliberate indifference in failing to change his bandages on a daily basis, as ordered by his doctors, after he received surgery on his elbow to remove a loose bone fragment. ECF No. 1 at 3-5. Plaintiff alleges that Nurse Garcia's lack of care caused an infection and various post-

1

surgical complications requiring that Plaintiff be hospitalized. *Id.* at 5, 8-59. Plaintiff further alleges that Sr. Nurse Juan Flores is liable for failing to train and supervise Nurse Garcia to ensure that she would provide adequate medical care to Plaintiff. *Id.* at 3-4.

Defendant seeks dismissal of Plaintiff's complaint on the basis that Plaintiff failed to state a claim of supervisory liability. ECF No. 7 at 4. Defendant argues that Plaintiff claims neither that Defendant "directed [Nurse] Gonzales to not change Plaintiff's surgical dressings" nor "that he knew of the violations and failed to prevent" Nurse Gonzales's conduct. *Id.* Plaintiff also does not assert that Defendant "personally participated" in his mistreatment. *Id.* Hence, Defendant requests that the Court find that Plaintiff failed to state a claim of supervisory liability. *Id.* at 4-5 (citing *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Plaintiff concedes that Defendant is correct. ECF No. 14. In response to Defendant's motion, Plaintiff states that Defendant "did not directly participate in [his] treatment" and that Defendant was not responsible for Nurse Garcia's actions. *Id.* at ¶ 1. Plaintiff asserts that he "wish[es] to continue on with the suit and pursue the claims against Nichole Garcia." *Id.* at ¶ 2.

The Court construes Plaintiff's response as stipulating to Defendant's requested relief. Consequently, the Court **GRANTS** Defendant's Flores motion to dismiss the complaint, but only as alleged against him. *See Ladou v. City of Chula Vista*, No. 09-CV-1438-BEN-NLS, 2010 WL 4868034, at *2 (S.D. Cal. Nov. 22, 2010) (dismissing claim against Defendant based on Plaintiff's concession).

**IT IS SO ORDERED.**

Dated: October 15, 2019

Hon. Gonzalo P. Curiel
United States District Judge