UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. GONZALES, CDCR #AH-5287,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NICHOLE GARCIA,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:19-cv-00660-GPC-RBM<br><br>**ORDER:**<br><br>**(1) DENYING DEFENDANT'S EX PARTE APPLICATION TO CONTINUE TELEPHONIC DISCOVERY CONFERENCE;**<br><br>**(2) VACATING APRIL 22, 2020 TELEPHONIC DISCOVERY CONFERENCE; AND**<br><br>**(3) SETTING BRIEFING SCHEDULE ON PLAINTIFF'S MOTION TO COMPEL**<br><br>[Docs. 36, 37, 38] |

## I. INTRODUCTION

Anthony C. Gonzales ("Plaintiff"), a California prisoner proceeding *in pro per* and *in forma pauperis*, filed a Complaint pursuant to 42 U.S.C. § 1983. (*See generally* Docs. 1, 3.) Plaintiff claims Defendant Nichole Garcia ("Defendant"), a Calipatria State Prison

staff member, violated Plaintiff's Eighth Amendment right to adequate medical care. (Doc. 1 at 2-6.) Plaintiff filed a Motion to Compel Discovery ("Motion to Compel"), which was accepted *nunc pro tunc* to March 25, 2020. (Doc. 36.)[1] In lieu of setting a briefing schedule on the Motion to Compel, the undersigned issued a Minute Order setting a telephonic discovery conference for **April 22, 2020** at 9:00AM. (Doc. 37.) On April 14, 2020, Defendant filed an *Ex Parte* Application ("EPA") to continue the April 22, 2020 telephonic discovery conference. (Doc. 38.)

## II.   DISCUSSION

Defendant requests a sixty-day continuance of the telephonic discovery conference due to the California Department of Corrections & Rehabilitation's ("CDCR") COVID-19 guidelines which minimizes inmate movement. (Doc. 38 at 1-2.) As to the underlying Motion to Compel, Defendant alleges Plaintiff served the Motion prior to the expiration of Defendant's deadline to provide the subject discovery responses. (*Id.* at 2.) Defendant alleges she timely served discovery responses and documents to Plaintiff on March 19, 2020.

Given Plaintiff's incarceration and the ongoing COVID-19 pandemic, it appears the parties' discovery dispute, if any, may be more efficiently resolved on the papers. FED. R. CIV. P. 26(d) (court orders set the timing and sequence of discovery); *see Crawford-El v. Britton*, 523 U.S. 574, 599 (1998) (trial court manages the discovery process to facilitate prompt and efficient resolution of the lawsuit). Thus, a sixty-day continuance of the April 22, 2020 telephonic discovery conference is not warranted.

---

[1] Although the November 20, 2019 Scheduling Order set a fact discovery completion date of March 20, 2020, Plaintiff is incarcerated and proceeding pro se. (Doc. 31 at 1 (stating, "'[c]ompleted' means all discovery under Rules 30-36 of the Federal Rules of Civil Procedure . . . must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date . . . ."); *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (stating "strict time limits . . . ought not to be insisted upon where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines.") (internal quotations and citations omitted). Thus, the Court is inclined to consider Plaintiff's Motion to Compel on the merits despite any timeliness issues. *Eldridge*, 832 F.2d at 1136.

### III. CONCLUSION

Accordingly, the Court:

(1) **DENIES** Defendant's *Ex Parte* Application to Continue Meet and Confer Teleconference re: Discovery (Doc. 38);

(2) **VACATES** the **April 22, 2020** telephonic discovery conference (Doc. 37); and

(3) **SETS** the following briefing schedule: Defendant's response to Plaintiff's Motion to Compel will be due by **April 30, 2020**. Plaintiff is not required to file a Reply. The Court will take the matter under submission on the papers.

**IT IS SO ORDERED.**

DATE: April 16, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE