UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. GONZALES, CDCR #AH-5287,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLE GARCIA,<br><br>Defendant. | Case No.: 3:19-cv-00660-GPC-RBM<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION TO COMPEL; AND**<br><br>**(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF EXPERT WITNESS**<br><br>[Docs. 36, 40, 42] |

## I. INTRODUCTION

Anthony C. Gonzales ("Plaintiff"), a California prisoner proceeding *in pro per* and *in forma pauperis* ("IFP"), filed a Complaint pursuant to 42 U.S.C. § 1983. (*See generally* Docs. 1, 3.) Plaintiff claims Defendant Nichole Garcia ("Garcia"), a Calipatria State Prison ("Calipatria") staff member, violated Plaintiff's Eighth Amendment right to adequate medical care. (Doc. 1 at 2-6.) Plaintiff filed a Motion to Compel Discovery ("Motion to Compel"), which was accepted *nunc pro tunc* to March 25, 2020. (Doc. 36.) Garcia filed a Response in Opposition ("Opposition") on April 28, 2020. (Doc. 40.) On May 4, 2020, Plaintiff filed a combined Reply in Support of the Motion to Compel and a Motion for

Appointment of an Expert Witness (collectively "Reply"). (Doc. 42.) The practice of filing combined documents is prohibited by Civil Local Rule 5.1(m). But Plaintiff is pro se and, thus, the Court will not impose strict procedural demands upon him. *See Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013) (courts liberally construe pro se litigants' filings, relieving them from "strict application of procedural rules and demands that courts not hold missing or inaccurate legal terminology or muddled draftsmanship against them.").

For the reasons outlined below, Plaintiff's Motion to Compel is **GRANTED** and the Motion for Appointment of an Expert Witness is **DENIED**.

## II.   FACTUAL & PROCEDURAL BACKGROUND

Plaintiff's Complaint initially named two defendants: Garcia and Defendant Juan Flores. (Doc. 1 at 2.) Flores filed a Motion to Dismiss, arguing Plaintiff failed to state a claim for supervisory liability against him. (Doc. 7 at 4.) The Court dismissed Flores based upon Plaintiff's stipulation. (Docs. 14, 24.)

As to the allegations against Garcia, Plaintiff alleges Garcia engaged in conduct deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 1 at 3-5.) According to the Complaint, Plaintiff underwent surgery on his left elbow on August 17, 2018. (*Id.* at 3.) Post-operation, Plaintiff's primary care physician ordered seven days of daily dressing changes to Plaintiff's surgical wound. (*Id.*) Plaintiff alleges Calipatria medical staff provided Plaintiff with new wound dressings the first three days following surgery (i.e., August 18-20, 2018), but not the fourth, fifth and sixth post-operation days (i.e., August 21-23, 2018). (*Id.*) Plaintiff attributes his lack of new wound dressings on August 21-23, 2018, to a healthcare service technician's failure to schedule appointments. (*Id.*)

Although Plaintiff did not have scheduled appointments on August 21-23, 2018, Plaintiff "went to the clinic anyways on all these dates." (Doc. 1 at 3.) On these dates, Plaintiff claims Garcia, a licensed vocational nurse ("LVN"), refused to re-dress Plaintiff's surgical wound because he did not have scheduled appointments. (*Id.*) Plaintiff contends

his surgical wound became swollen and infected as a result of Garcia's deliberate indifference. (*Id.* at 4-5.)

The instant Motion to Compel is predicated upon Garcia's responses to Plaintiff's Request for Production of Documents, Set Two. (Doc. 36 at 3, 22-24.) As outlined below, Plaintiff seeks to compel production of documents relating to LVN scheduling appointments entered by Garcia for the months of August and September 2018. (Doc. 36 at 23.)

### III.   DISCUSSION

#### A.   Motion to Compel Discovery

*i.   Meet & Confer Efforts*

Plaintiff's Declaration in Support of his Motion to Compel alleges he attempted to meet and confer with Garcia regarding discovery, but experienced difficulties in facilitating an outgoing call.[1] (Doc. 36 at 2-3.) In response to the foregoing, the undersigned issued a minute order setting a telephonic discovery conference to permit an informal discussion between the parties, the attorneys, and the Court. (Doc. 37.) Garcia then filed an *Ex Parte* Application to continue the telephonic discovery conference based upon movement restriction guidelines issued by the California Department of Corrections and Rehabilitation ("CDCR") in response to COVID-19. (Doc. 38.) The undersigned denied the *Ex Parte* Application, vacated the telephonic discovery conference, and set a briefing schedule on the Motion to Compel to be submitted on the papers. (Doc. 39.)

---

[1] Plaintiff attaches a February 9, 2020 Inmate Request for Interview, Item or Service, wherein staff instructed Plaintiff to contact his counselor to facilitate the call. (Doc. 36 at 19.) Plaintiff alleges he submitted a request to his counselor, his counselor then instructed him to make the request to visiting staff, and visiting staff instructed him to make the request to the counselor. (*Id.* at 36.) Plaintiff's February 9, 2020 inmate request pre-dates the service date of Plaintiff's Request for Production of Documents, Set Two, which is the discovery at issue. (Doc. 36 at 22-24.) Given the discrepancy in timing, Plaintiff's attempt to meet and confer presumably related to Garcia's responses to Plaintiff's December 18, 2020 discovery entitled, "Plaintiff's Interrogatories (Set Two) and Request for Production of Documents," which is not subject to the Motion to Compel. (*Id.* at 9-17.) Although meet and confer efforts pre-dated the discovery at issue, the nature and scope of documents requested in the first and second set of Requests for Production of Documents are similar. (*Compare* Doc. 36 at 9-11 *with* Doc. 36 at 22-24.)

3

Plaintiff made a good-faith effort to comply with this District's meet and confer requirement. *Supra* note 1; CivLR 26.1(a). Moreover, given the ongoing COVID-19 pandemic and considering the interests of judicial economy, the Court finds good cause to dispense with the meet and confer requirement. *See* CivLR 26.1(d) (the Court is to secure the just, efficient and economical determination of every action and proceeding, including a motion to compel).

    ii. *Timeliness of Garcia's Discovery Responses & Plaintiff's Motion to Compel*

As another initial matter, the parties dispute the timeliness of Garcia's responses to Plaintiff's Request for Production Documents, Set Two ("Requests" or "RFP"). (Doc. 36 at 3-4; Doc. 40 at 2, 14.) Notably, Garcia had yet to serve discovery responses and/or objections at the time Plaintiff filed the opening brief in support of his Motion to Compel. (Doc. 36 at 3-4.) The opening brief argued Garcia's failure to timely produce responses to the Requests waives any right to serve objections. (*Id.* at 3-6.) At the time Garcia filed her opposition to the Motion to Compel, she solely argued the Motion should be denied as premature and moot because she timely served responses. (Doc. 40 at 2.) Plaintiff's reply brief does not relitigate the timeliness issue and limits the dispute to the sufficiency of Garcia's responses to Request for Production Nos. 14-15. (Doc. 42 at 1-4.) Given that Plaintiff's reply brief does not concede the timeliness issue, the Court is inclined to address it.

The parties' service papers indicate Garcia timely responded. Plaintiff's Proof of Service indicates a service date of February 17, 2020, however, the United States Postal Service observed Washington's Birthday on this date. *See* https://about.usps.com/newsroom/events/ (last visited May 19, 2020). Pursuant to Rule 5 of the Federal Rules of Civil Procedure, a paper is served by mailing it to the person's last known address—*in which service is complete upon mailing.* FED. R. CIV. P. 5(b)(2)(C). At a minimum, February 18, 2020 is date in which service can be deemed complete given the Post Office's closure on February 17, 2020. Garcia then had up through March 24,

2020, to timely serve responses to Plaintiff's Requests.  *See* FED. R. CIV. P. 34(b)(2)(A) (the party to whom a request is directed must respond within thirty days after being served); FED. R. CIV. P. 6(d) (when a party must act within a specified time after being served and service is made by mail, three days are added after the period would otherwise expire); FED. R. CIV. P. 6(a)(1) (outlining rules for computing time periods, including excluding the day of the event that triggers the time period, counting every day and including the last of the period except it if falls on a Saturday, Sunday, or legal holiday).  Garcia timely served responses to the Requests on March 19, 2020. (Doc. 40 at 2, 14.)  Therefore, Plaintiff's timeliness and waiver arguments are unavailing.

As to the timeliness of the Motion to Compel, the November 20, 2019 Scheduling Order required all fact discovery to be complete by **March 20, 2020**. (Doc. 31 at 1.) "Completed" means that "all discovery under Rules 30-36 of the Federal Rules of Civil Procedure . . . must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date . . ." (*Id.*) Additionally, the undersigned's Civil Chambers Rules require "[d]iscovery motions be filed with sufficient time for production *before* the fact discovery deadline. All discovery shall be completed by all parties on or before the fact discovery deadline; this includes discovery ordered as a result of a discovery motion." *See* Montenegro Civil Case Procedures & Chambers' Rules, Disc. Mots.

Plaintiff is incarcerated, proceeding pro se, and now litigating during the COVID-19 pandemic. *See Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (stating "strict time limits . . . ought not to be insisted upon where restraints resulting from a pro se prisoner plaintiff's incarceration prevent timely compliance with court deadlines.") (internal quotations and citations omitted). Plaintiff has attempted to diligently pursue discovery, propounding a set of discovery in December 2019 and a follow-up set in February 2020. (Doc. 36 at 9-10, 22-23.) In this particular case, the undersigned declines to strictly enforce its Civil Chambers Rules against Plaintiff and addresses the merits of the Motion.

///

       *iii.   Adequacy of Garcia's Responses to Discovery Requests*

As to the sufficiency of Garcia's responses, the discovery dispute is limited to the following:

> **RFP NO. 14:**[2] Produce all records of scheduled LVN appointments for Plaintiff Anthony Gonzales, made by the Defendant Nichole Garcia during the month of August 2018.
>
> **RESPONSE**: Responding Party objects that this request seeks documents already in [P]laintiff's possession and equally available to the Propounding Party. All medical appointments scheduled for plaintiff are detailed in plaintiff's medical records from Calipatria State Prison. On information and belief, Responding Party believes that Propounding Party has already obtained copies of these records from the same source(s) available to Responding Party. Responding Party does not maintain, control, or have custody of any other records responsive to this request. Accordingly, no additional documents will be produced in response to this request.
>
> **RFP NO. 15**: Produce all records of scheduled LVN appointments for Plaintiff Anthony Gonzales, made by the Defendant Nichole Garcia during the month of September 2018.
>
> **RESPONSE**:[3] Responding Party objects that this request is identical to Request for Production of Documents No. [14]. Responding Party directs Propounding Party to her response to that Request and fully incorporates it into this response.

(Doc. 36 at 23; Doc. 40-1 at 12-13; Doc. 42 at 1-2.)

Plaintiff states he received "appointment notes" written by Garcia, but he has been unable to retrieve records relating to all of his medical appointments scheduled by Garcia. (Doc. 42 at 2.) Plaintiff's reply brief attaches the following as Exhibit 2: an April 9, 2020 Inmate/Patient Request for Health Record Copies requesting "documents showing the appointments scheduled by 'LVN' Nichole Garcia . . . for inmate Anthony Gonzales during

---

[2] Garcia assigned different RFP numbers than those assigned by Plaintiff, labeling Plaintiff's RFP No. 14 as RFP No. 9 and RFP No. 15 as RFP No. 10. (Doc. 40-1 at 12.) For clarity, the Court uses the numbers assigned by Plaintiff. (Doc. 36 at 23.)

[3] Garcia's response to RFP No. 15 states RFP No. 15 is identical to RFP No. 14. Not so. RFP No. 15 specifically requests records from September 2018. (Doc. 36 at 23.)

August and September 2018"; a release for disclosure of medical records; and a receipt for copies of health records information indicating Plaintiff received copies of "[a]ll *notes written by* . . . Garcia" from August 17, 2018 through September 30, 2018. (*Id.* at 11-13 (emphasis added).) Garcia objects to RFP Nos. 14-15 because the information is detailed in Plaintiff's medical records, which parties may equally access. (Doc. 40-1 at 12-13.) Garcia states she "believes" Plaintiff already obtained his medical records. (*Id.*) Other than these medical records, Garica "does not maintain, control or have custody of any other records responsive" to RFP Nos. 14-15. (*Id.*)

The scope of discovery is broad. The Federal Rules of Civil Procedure authorize parties to obtain discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1). To determine proportionality, the Court considers the following: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit . . . ." (*Id.*) A party may request production of documents within the scope of Rule 26(b). FED. R. CIV. P. 34(a).

The relevancy of the records requested is not at issue, as it directly relates to Plaintiff's deliberate indifference claim and Garcia did not object on relevancy grounds. *Supra* pp. 2-3; (Doc. 40 at 1-3.) RFP Nos. 14-15 are narrowly drawn to a limited timeframe—August and September 2018—on a limited issue. As to the parties' relative access to the information, there are procedures in place for Plaintiff to access his health records while housed at Calipatria. *See* CAL. CODE REGS. tit. 15, § 3370(a), (c) (inmates may review their own unit health records including records of care and treatment rendered). Although Plaintiff may access his records, Exhibit 2 to the reply brief demonstrates Plaintiff's diligence in attempting to acquire the records, to no avail. (Doc. 42 at 11-13.) Given Plaintiff's pro se status and movement restrictions at CDCR facilities, Garcia is the party with resources and better access to the records at issue. The Rule 26(b) considerations

weigh in favor of disclosure by Garcia. Thus, the Court **OVERRULES** Garcia's objections to RFP Nos. 14-15 and **ORDERS** Garcia to produce medical records within the scope of the requests.

### B. Motion for Appointment of an Expert Witness

Plaintiff seeks the appointment of an expert witness to "form a definite opinion . . . respecting a division of science . . . ." (Doc. 42 at 2.) He requests an expert to "testify not only to the facts, but to his opinion respecting the facts, so far as necessary to inform the jury and enable them to understand the issues of fact and arrive at a proper conclusion." (*Id.* at 2-3.)

####    i. *Applicable Standard*

An expert witness may testify to help the trier of fact understand the evidence or determine a fact in issue. FED. R. EVID. 702. Under Federal Rule of Evidence 706(a), the Court may on its own motion or on the motion of another party, appoint an expert witness. The decision whether to appoint a neutral expert is discretionary. *See Claiborne v. Blauser*, 934 F.3d 885, n. 7 (9th Cir. 2019) (citations omitted). Appointment of an expert witness may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue . . . ." *Torbert v. Gore*, No. 14CV2911-BEN-NLS, 2016 WL 3460262, at *2 (S.D. Cal. Apr. 8, 2016) (internal quotations and citations omitted).

To the extent Plaintiff seeks appointment of an expert for his own benefit, the Court has no authority to grant him such relief. The IFP statute does not authorize the Court to appoint an expert for Plaintiff's benefit to be paid by the Court nor does it waive payment of fees or expenses for witnesses. *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citation omitted); *see generally Gorton v. Todd*, 793 F. Supp. 2d 1171, n. 11 (E.D. Cal. 2011) (citing 28 U.S.C. § 1915). Thus, if the Court were to appoint an expert witness in this action, the expert would be appointed to assist the Court. Even then, the court-appointed expert "is entitled to a reasonable compensation, as set by the court. . . [and] is payable . . . by the parties in the proportion and at the time that the court directs . . . ." FED. R. EVID. 706(c)(2).

At present, there is currently no pending matter where the Court requires the assistance of a neutral expert. A trial date will not be set until the final pretrial conference on December 18, 2020. (Doc. 31 at 4.) As such, appointment of an expert is premature at this time. *Carroll v. Yates*, No. 1:10-CV-00623-SKO-PC, 2012 WL 1868036, at *1 (E.D. Cal. May 22, 2012) (declining to appoint expert when matter was not set for trial).

Even assuming *arguendo* that appointment of a neutral expert is appropriate at this time, the seriousness of Plaintiff's medical need and the nature of Garcia's response to that need does not demand resolution of complex questions concerning medical diagnosis and judgment. Rather, it appears the material issue to Plaintiff's Eighth Amendment claim involves determining whether Garica's alleged failure to schedule appointments for Plaintiff and/or allow Plaintiff to be seen for wound dressing changes on August 21-23, 2018, amounts to deliberate indifference. (Doc. 1 at 3.) Courts have declined to appoint an expert under similar circumstances. *Torbert*, 2016 WL 3460262, at *3 (citing *Levi v. Dir. of Corr.*, No. CIVS020910LKKKJMP, 2006 WL 845733, *1 (E.D. Cal. Mar. 31, 2006)). Accordingly, Plaintiff's Motion for Appointment of an Expert is **DENIED** without prejudice.

## IV.   CONCLUSION

As provided above, the Court:

(1)   **OVERRULES** Garcia's objections to RFP Nos. 14-15 and **ORDERS** Garcia to produce copies Plaintiff's medical records within the scope of the requests.

(2)   **DENIES** Plaintiff's Motion for Appointment of an Expert Witness without prejudice.

**IT IS SO ORDERED**.

DATE: May 20, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE