UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. GONZALES, CDCR #AH-5287,<br><br>                           Plaintiff,<br><br>v.<br><br>NICHOLE GARCIA,<br><br>                           Defendant. | Case No.: 3:19-cv-00660-GPC-RBM<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANT NICHOLE GARCIA**<br><br>**[Doc. 47]** |

### I. INTRODUCTION

Anthony C. Gonzales ("Plaintiff"), a California prisoner proceeding in pro per and in forma pauperis ("IFP"), filed a complaint pursuant to 42 U.S.C. § 1983. (*See generally* Docs. 1, 3.) Plaintiff claims Defendant Nichole Garcia ("Garcia"), a Calipatria State Prison ("Calipatria") staff member and licensed vocational nurse ("LVN"), violated Plaintiff's Eighth Amendment right to adequate medical care. (Doc. 1 at 2-6.) On August 18, 2020, Plaintiff filed a motion for sanctions ("Motion for Sanctions") against Garcia pursuant to Federal Rule of Civil Procedure 37, due to Garcia's alleged failure to comply with the Court's May 20, 2020 order granting Plaintiff's motion to compel. (Doc. 47.) The Motion for Sanctions seeks evidentiary sanctions, or alternatively, default judgment against Garcia. (*Id.* at 1-2.) Plaintiff also requests a Court order requiring Garcia to produce the documents

1

subject to the May 20, 2020 order compelling discovery. (*Id.* at 2.) On September 11, 2020, Garcia filed a brief in opposition to Plaintiff's Motion for Sanctions, arguing the discovery at issue has been produced.

For the reasons outlined below, Plaintiff's Motion for Sanctions is **DENIED**.

## II.   FACTUAL & PROCEDURAL BACKGROUND

### A.   Factual Background

Plaintiff's complaint initially named two defendants: Garcia and Defendant Juan Flores. (Doc. 1 at 2.) Flores filed a motion to dismiss, arguing Plaintiff failed to state a claim for supervisory liability against him. (Doc. 7 at 4.) The Court dismissed Flores based upon Plaintiff's stipulation. (Docs. 14, 24.)

As to the allegations against Garcia, Plaintiff alleges Garcia engaged in conduct deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Doc. 1 at 3-5.) According to the complaint, Plaintiff underwent surgery on his left elbow on August 17, 2018. (*Id.* at 3.) Post-operation, Plaintiff's primary care physician ordered seven days of daily dressing changes to Plaintiff's surgical wound. (*Id.*) Plaintiff alleges Calipatria medical staff provided Plaintiff with new wound dressings the first three days following surgery (i.e., August 18-20, 2018), but not the fourth, fifth and sixth post-operation days (i.e., August 21-23, 2018). (*Id.*) Plaintiff attributes his lack of new wound dressings on August 21-23, 2018, to a healthcare service technician's failure to schedule appointments. (*Id.*)

Although Plaintiff did not have scheduled appointments on August 21-23, 2018, Plaintiff "went to the clinic anyways on all these dates." (Doc. 1 at 3.) On these dates, Plaintiff claims Garcia refused to re-dress Plaintiff's surgical wound because he did not have scheduled appointments. (*Id.*) Plaintiff contends his surgical wound became swollen and infected as a result of Garcia's deliberate indifference. (*Id.* at 4-5.)

/ / /

/ / /

/ / /

### B. Motion to Compel

Plaintiff filed a motion to compel discovery ("Motion to Compel"), which was accepted *nunc pro tunc* to March 25, 2020. (Doc. 36.) The Motion to Compel was predicated upon Garcia's responses to Plaintiff's Request for Production of Documents, Set Two, which Plaintiff dated February 17, 2020. (Doc. 36 at 1, 3, 22-24.) Plaintiff sought to compel production of documents relating to LVN scheduling appointments entered by Garcia for the months of August and September 2018. (*Id.* at 23.)

The parties' briefing on the Motion to Compel raised some confusion, as Plaintiff apparently served two nearly-identical sets of discovery titled, "Plaintiff's Request for Production of Documents, Set Two." (*Compare* Doc. 36 at 22-26, Pl.'s Requ. for Production of Docs., Set Two (Feb. 17, 2020) *with* Doc. 40-1 at 4-8, Pl.'s Requ. for Production of Docs., Set Two (Feb. 14, 2020).) Plaintiff dated one of the sets February 14, 2020, and the other February 17, 2020. (*Id.*) Plaintiff sought to compel discovery from the set served on February 17, 2020, yet Garcia's response in opposition to the Motion to Compel referenced and attached the set served on February 14, 2020. (*Id.*) Although both sets of discovery requested nearly-identical information, the Requests for Production ("RFP") were numbered differently: the set served on February 14, 2020 labeled the requests as RFP Nos. 1-5; the set served on February 17, 2020 labeled the requests as RFP Nos. 11-15. (*Id.*) The key difference between the two sets is the date range of the records being requested:

**FEBRUARY 14, 2020 SET**:

**RFP NO. 4**: Produce the record [sic] of any LVN appointments scheduled for Plaintiff Anthony C. Gonzales, by the defendant-Nichole Garcia during the month of **August of 2018** at Calipatria State Prison.

**RFP NO. 5**: Produce the record [sic] of any LVN appointments scheduled for the Plaintiff Anthony C. Gonzales, by the defendant-Nichole Garcia during the month of **August of 2018** at Calipatria State Prison.

///

///

**GARCIA'S RESPONSE TO FEBRUARY 14, 2020 SET**:

**RFP NO. 9**[1]: Produce the record [sic] of any LVN appointments scheduled for Plaintiff Anthony C. Gonzales, by the defendant-Nichole Garcia during the month of **August of 2018** at Calipatria State Prison [sic].

**RESPONSE**: Responding Party objects that this request seeks documents already in [P]laintiff's possession and equally available to the Propounding Party. All medical appointments scheduled for plaintiff are detailed in plaintiff's medical records from Calipatria State Prison. On information and belief, Responding Party believes that Propounding Party has already obtained copies of these records from the same source(s) available to Responding Party. Responding Party does not maintain, control, or have custody of any other records responsive to this request. Accordingly, no additional documents will be produced in response to this request.

**RFP NO. 10**[2]: Produce the record [sic] of any LVN appointments scheduled for the Plaintiff Anthony C. Gonzales, by the defendant-Nichole Garcia during the month of **August of 2018** at Calipatria State Prison [sic].

**RESPONSE**: Responding Party objects that this request is identical to Request for Production of Documents No. 9. Responding Party directs Propounding Party to her response to that Request and fully incorporates it into this response.

**FEBRUARY 17, 2020 SET**:

**RFP NO. 14**: Produce all records of scheduled LVN appointments for Plaintiff Anthony C. Gonzales, made by the Defendant Nichole Garcia during the month of . . . **August of 2018**.

**RFP NO. 15**: Produce all records of scheduled LVN appointments for Plaintiff Anthony Gonzales, made by the Defendant Nichole Garcia during the month of . . . **September [] 2018**.

(Doc. 40-1 at 4-15; Doc. 36 at 22-23, respectively (emphasis added).) Prior to service of the Motion to Compel, Garcia's counsel alleges Garcia never received the revised set dated

---

[1] Garcia's response to RFP No. 4 renumbered the request to RFP No. 9, as Plaintiff previously served five other requests in his first set of discovery requests. (Doc. 41-1 at 11, n. 1.)

[2] Garcia's response to RFP No. 5 renumbered the request to RFP No. 10. (Doc. 41-1 at 11, n.1.)

1   February 17, 2020. (Doc. 53 at 3.) At that time, Garcia had only served responses to
2   Plaintiff's February 14, 2020 set, which did not request records from September 2018. (*Id.*)
3   Neither Garcia nor Plaintiff raised the issue of the nearly-identical discovery sets being
4   propounded on different dates, although the issue is clarified in the Motion for Sanctions
5   briefing. (Doc. 53 at 2.)

6         On May 20, 2020, the undersigned granted the Motion to Compel and ordered Garcia
7   to produce all medical records within the scope of Plaintiff's Request for Production Nos.
8   14-15, as set forth in Plaintiff's Request for Production of Documents, Set Two, served on
9   February 17, 2020. (Doc. 43 at 3-9.) This included documents related to "LVN scheduling
10  appointments entered by Garcia for the months of August and September 2018." (*Id.* at 6-
11  7.) Although the order on the motion to compel noted some discrepancies in Garcia's
12  arguments as to the Motion to Compel, the order made no distinction between the set served
13  on February 14th and February 17th, as they appeared nearly identical except for the one
14  date discrepancy noted above. *Supra* p. 4; (Doc. 46 at 6, n. 2-3.)

### III.   MOTION FOR SANCTIONS

16        Plaintiff's Motion for Sanctions alleges Garcia failed to produce "relevant
17  documents" requested in Plaintiff's Request for Production of Documents, Set Two. (Doc.
18  47 at 2.) Plaintiff attaches nearly 260 pages of records produced by Garcia as Bates Nos.
19  DEF0001–DEF0263, but he contends these records are not responsive to Request for
20  Production Nos. 14-15. (*Id.* at 3-4, 9-272.)

21        Notably, the documents produced by Garcia contain medication administration
22  records, physician orders, office visit notes, discharge documentation, elbow arthroscopy
23  aftercare notes, lab reports, MRI notes, progress notes, and assessment forms. (*Id.* at 9-
24  272.) Garcia produced these records within seven days of the undersigned's May 20, 2020
25  order compelling discovery. (*Id.* at 8.) However, Garcia admits "counsel for LVN Garcia
26  misread the Court's order and only produced documents relating to August 2018." (*Id.* at
27  4.) Counsel for Garcia alleges the confusion between the two different Requests for
28  Production of Documents, Set Two, caused counsel's inadvertent failure to produce

documents relating to LVN scheduling appointments entered by Garcia for September 2018. (*Id.* at 8.) Upon learning of this discrepancy, Garcia supplemented four pages of medical records from September 2018, serving them to Plaintiff on September 11, 2020. (*Id.* at 4.)

Federal Rule of Civil Procedure 37(b)(2)(A) authorizes sanctions against a party if it fails to obey an order to provide discovery. The imposition of sanctions range from directing designated facts be taken as true, prohibiting the disobedient party from supporting designated defenses, and/or rendering a default judgment against the disobedient party. FED. R. CIV. P. 37(b)(2)(A). Instead of or in addition to a sanction order, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). In the Ninth Circuit, the imposition of default judgment is "appropriate only in 'extreme circumstances' and where the violation is 'due to willfulness, bad faith, or fault of the party.'" *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (internal citation omitted). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* Last-minute tender of documents and "belated compliance with discovery orders does not preclude the imposition of sanctions." *Id.* (internal citations and quotations omitted).

The circumstances here do not warrant sanctions or an order requiring Garcia to pay expenses or attorney's fees related to her failure to produce documents. Although the Court's order compelling discovery specifically referenced Plaintiff's request for documents "relating to LVN scheduling appointments entered by Garcia for the months of August ***and September 2018***," there was confusion as to the two sets of nearly-identical discovery Plaintiff propounded to Garcia dated February 14th and 17th. *Supra* pp. 3-5. This confusion was not clarified until the briefing on the instant Motion for Sanctions. While Plaintiff and Garcia may have been able to resolve this issue through meet-and-confer efforts, the ongoing COVID-19 pandemic and movement restrictions at California

Department of Corrections and Rehabilitation facilities makes it difficult to do so. Accordingly, Plaintiff's request for sanctions as to his Request for Production of Documents, Set Two, dated February 17, 2020 is **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Sanctions against Defendant Nichole Garcia.

**IT IS SO ORDERED.**

DATE: September 23, 2020

*Ruth Bermudez Montenegro*
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE