UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. GONZALEZ,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NICHOLE GARCIA,<br><br>　　　　　Defendant. | Case No.: 19-cv-660-GPC-RBM<br><br>**ORDER:**<br><br>**(1) GRANTING DEFENDANT'S EX PARTE APPLICATION TO AMEND SCHEDULING ORDER;**<br><br>**AND**<br><br>**(2) FIRST AMENDED SCHEDULING ORDER**<br><br>**[Docs. 31, 57]** |

Before the Court is Defendant Nichole Garcia's ("Defendant") ex parte application to amend scheduling order ("Ex Parte Motion"). (Doc. 57.) This is Defendant's first request to continue the dates set in the Court's November 20, 2019 Scheduling Order ("Scheduling Order"). (Doc. 31.) Defendant requests the Court to vacate the remaining pretrial dates in the Scheduling Order to be reset as necessary after a ruling is issued on both parties' pending motions for summary judgment. (Doc. 57; *see* Docs. 44, 51.)

Alternatively, Defendant requests the dates in the Scheduling Order be continued by approximately ninety days. (Doc. 57 at 1-2.)

Defendant alleges good cause exists to grant the continuance. A hearing on the cross-motions for summary judgment is set for November 20, 2020. (Doc. 52.) As to the November 4, 2020 mandatory settlement conference, Defendant asserts she will not be in a position to discuss settlement until such time as the Court rules on the pending cross-motions for summary judgment. (*Id.* at 2.) Defendant contends that vacating or continuing the Scheduling Order dates will give Defendant sufficient time to prepare and meaningfully participate in settlement discussions. (*Id.*) As to the remaining pretrial dates, Defendant contends continuing the dates will preserve judicial resources by obviating the need for unnecessary filings or hearings. (*Id.*) To the extent summary judgment is denied, Defendant contends that a continuance will allow the parties additional time to explore pretrial resolution while also allowing sufficient time to prepare for trial. (*Id.*)

A scheduling order may be modified only upon a showing of good cause and with the judge's consent. FED. R. CIV. P. 16(b)(4); *see, e.g.*, *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating, "the focus of [the good cause] inquiry is upon the moving party's reasons for seeking modification."). The Court notes that the initial Scheduling Order was issued prior to the COVID-19 pandemic. A continuance of time allows the parties additional time to prepare for trial and explore potential pretrial settlement, all while navigating litigation amid the ongoing COVID-19 pandemic. As such, good cause exists to grant a continuance of time.

Accordingly, the ex parte motion is **GRANTED**. The November 20, 2019 Scheduling Order (Doc. 31) is hereby **AMENDED AS FOLLOWS**:

1. A Mandatory Settlement Conference shall be conducted on **February 10, 2021** at **9:30 a.m.** in the chambers of **Magistrate Judge Ruth Bermudez Montenegro, United States Courthouse, 2003 W. Adams Ave., El Centro, CA 92243**. Counsel or any party representing himself or herself shall lodge confidential settlement briefs directly to chambers by **January 29, 2021**. All parties are ordered to read and to fully comply with

the Chamber Rules of the assigned magistrate judge. The Court is in receipt of Plaintiff's confidential settlement brief. If Plaintiff wishes to supplement his brief further, he is permitted to do so by the confidential settlement brief deadline.

2. Pursuant to Honorable Gonzalo P. Curiel's Civil Pretrial & Trial Procedures, the parties are excused from the requirement of Civil Local Rule 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

3. Counsel shall comply with the pre-trial disclosure requirements of FED. R. CIV. P. 26(a)(3) by **February 26, 2021**. Failure to comply with disclosure requirements could result in evidence preclusion or other sanctions under FED. R. CIV. P. 37.

4. Counsel shall meet and take the action required by Civil Local Rule 16.1(f)(4) by **March 5, 2021**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under FED. R. CIV. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

5. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **March 12, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

6. The Proposed Final Pretrial Conference Order, including objections to any other parties' FED. R. CIV. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **March 19, 2021**, and shall be in the form prescribed in and comply with Civil Local Rule 16.1(f)(6).

/ / /

7. The final Pretrial Conference is scheduled on the calendar of the **Honorable Gonzalo P. Curiel** on **March 26, 2021** at **1:30pm**. The Court will set a trial date during the pretrial conference. The Court will also schedule a motion in limine hearing date during the pretrial conference.

8. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

9. A post trial settlement conference before a magistrate judge may be held within thirty days of verdict in the case.

10. The dates and times set forth herein will not be modified except for good cause shown.

11. Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day shall not exceed twenty-five (25) pages in length, per party, without leave of the judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

12. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED**.

DATE: October 21, 2020

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES MAGISTRATE JUDGE