UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY C. GONZALEZ, CDCR #AH-5287,<br><br>        Plaintiff,<br><br>  vs.<br><br>NICHOLE GARCIA,<br><br>        Defendant. | Case No.: 3:19-cv-00660-GPC-RBM<br><br>**JUDGMENT AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**[ECF Nos. 44, 51]** |

**INTRODUCTION**

Plaintiff Anthony C. Gonzalez ("Plaintiff"), an inmate formerly housed at Calipatria State Prison, filed this civil rights action pursuant to 42 U.S.C. Section 1983 alleging that Defendant Nichole Garcia, a nurse employed by the California Department of Corrections and Rehabilitation ("CDCR"), was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (*See* ECF No. 1, Compl., at 3–5.)

Before the Court are Defendant's Motion for Summary Judgment, ECF No. 44, and Plaintiff's Cross-Motion for Partial Summary Judgment, ECF No. 51. Plaintiff filed

an Opposition to Defendant's Motion, (ECF No. 54), and Defendant filed a Reply, (ECF No. 60). Defendant filed an Opposition to Plaintiff's Motion, (ECF No. 56), but Plaintiff did not file a Reply by the applicable deadline. (*See* ECF No. 52 (setting a deadline of November 6, 2020 for Plaintiff to submit any Reply in support of his Cross-Motion for Partial Summary Judgment).) The Court found the matters suitable for disposition on the moving papers and ordered them submitted without oral argument pursuant to S.D. Cal. Civ. L.R. 7.1.d.1. (ECF No. 61.)

Having reviewed the Parties' submissions and the applicable law, the Court **GRANTS** Defendant's Motion for Summary Judgment, and **DENIES** Plaintiff's Cross-Motion for Partial Summary Judgment, and **DIRECTS** the Clerk of the Court to enter judgment in favor of Defendant Garcia and to close the case.

# BACKGROUND

## I. Factual Background

Plaintiff is a California prison inmate. On August 17, 2018, Plaintiff received elbow surgery at Tri-City Medical Center to remove a "loose body bone fragment." (*See* Compl. at 1.) Plaintiff's discharge instructions specified, among other things, that his sutures be removed two weeks after the procedure, but did not order daily changes of Plaintiff's dressings. (*See* ECF No. 44-5, at 5–9; *see also* ECF No. 44-1 ¶¶ 3–4.) After Plaintiff returned to his designated prison, the surgeon spoke by phone to a nurse regarding Plaintiff's post-surgical care. (*See* ECF No. 44-5, at 11–18.) The surgeon's and nurse's records of that call are largely consistent with one another, with one notable exception. Plaintiff's surgeon's records state that Plaintiff should receive "[d]ressing changes as needed," (*see id.* at 11), while the nurse's records state that Plaintiff should receive "dressing changes daily . . . ." (*See id.* at 17.)

The next morning, August 18, 2018, Plaintiff's dressing was changed, and the nurse responsible noted that there were "no signs of infection." (*See id.* at 20 ("[D]ressing change done[] as ordered . . . no signs of infection noted . . . ."); *see also* ECF No. 51, at 3 (declaration from Plaintiff stating that he "received dressing changes on

8-18-18 . . . .").) Plaintiff's dressing was changed again on August 19, 2018, again with the nurse noting that there were no signs of infection. (*See* ECF No. 44-5, at 22; *see also* ECF No. 51, at 3.) On August 20, 2018, Plaintiff's dressing was again changed, this time by Defendant Garcia. (*See* ECF No. 44-5, at 24; *see also* ECF No. 51, at 3.) Plaintiff's primary care physician was also present on August 20, and Defendant Garcia's report states that Plaintiff was to receive "[d]ressing change[s] as needed." (*See* ECF No. 44-5, at 24.) The same instruction appears in Plaintiff's primary care physician's records. (*See id.* at 26 ("Status post left elbow surgery; dressing changes as needed . . . .").) Defendant Garcia submitted a declaration explaining that "[a]n 'as needed' order regarding [Plaintiff's] surgical dressing means that dressing changes would not be pre-scheduled; rather, dressing changes would only be done if requested by [Plaintiff]." (*See* ECF No. 44-2, at ¶ 4.) Plaintiff disagrees that he was to receive dressing changes as needed, and points to documents predating the August 20 appointment ordering daily dressing changes after August 20. (*See* ECF No. 51, at 10; *see also* ECF No. 54, at 24.)

The Parties also dispute whether Plaintiff requested dressing changes between August 20, 2018 and August 24, 2018. It is undisputed that Plaintiff's medical records do not reflect any such requests. (*See* ECF No. 44-1, at ¶ 21 (declaration from CDCR physician explaining that "[t]here is nothing in the medical record to suggest that [Plaintiff] requested a dressing change [between August 20, 2018 and] August 24, 2018, when he 'presented to Bravo medical, for a dressing change.").) Nevertheless, Plaintiff asserts in a declaration attached to his Cross-Motion that he visited the clinic on August 21, 22, and 23, 2018 and requested dressing changes, but that Defendant Garcia refused to provide them or to schedule an appointment for dressing changes. (*See* ECF No. 51, at 3–4; *see also* ECF No. 54, at 3 (declaration from Plaintiff attached to Opposition to Defendant's Motion making similar claims).) Plaintiff explains that although he did not receive a form indicating an appointment date or time for August 21, 22, and 23, he visited the clinic each day because he "knew my primary care provider . . . prescribed me 'daily dressing changes' for [his] surgery wound . . . ." (*See* ECF No. 51, at 3.) Each

3

time, Defendant Garcia was on duty and refused to change Plaintiff's dressing, explaining that he needed an appointment. (*See id.* at 3–4.)

On August 24, 2018, Plaintiff again visited the clinic, this time finding a different nurse on duty. (*See id.* at 5.) The nurse on duty changed Plaintiff's dressing, noting "[s]light swelling," and stating that Plaintiff was "aware he will report daily for dressing changeds [sic]." (*See* ECF No. 44-5, at 29.) On August 25 and 26, 2018, Plaintiff's dressings were changed, and Plaintiff's medical records indicate that on August 26, 2018 there were "no [signs or symptoms] of infection . . . ." (*See id.* at 31, 33; *see also* ECF No. 51, at 5.)

That changed on the night of August 26, 2018, when Plaintiff began experiencing symptoms of an infection, including fever, swelling, pain, and discharge from his wound. (*See* ECF No. 54, at 4.) The next morning, August 27, 2018, Plaintiff appeared at the clinic with a 100.7 degree fever "saying his incision to [his] elbow is leaking fluid." (*See* ECF No. 44-5, at 35.) Plaintiff's primary care physician diagnosed him with a post-operative wound infection and he was transferred for treatment, first to another area of the clinic and later to the emergency department of a local hospital. (*See id.* at 38; *see also* ECF No. 51, at 5–6.) Plaintiff received emergency treatment for the infection, and was subsequently transferred to the hospital where his initial surgery was performed. (*See* ECF No. 44-5, at 41–42, 46–47; *see also* ECF No. 51, at 5–6.) Over the next several days, Plaintiff received additional treatment for his infection, including another surgical procedure and antibiotics. (*See* ECF No. 44-5, at 46–47; ECF No. 51, at 6.) On September 1, 2018, Plaintiff was discharged from the hospital with instructions to take an antibiotic for seven days, and a follow-up appointment scheduled approximately two weeks later. (*See* ECF No. 44-5, at 51–52.)

Plaintiff contends that he continues to suffer health problems as a result of the infection, and has been examined by several health care providers for chest pains, an inability to lift or pull heavy objects, and pain in the months since. (*See id.* at 57, 60, 63, 68.)

## II. Procedural History

On April 8, 2019, Plaintiff filed a Complaint under 42 U.S.C. Section 1983 alleging that Defendant Garcia and another nurse, Defendant Juan Flores, violated his Eighth Amendment rights in connection with the care he received following the surgery. (*See* Compl. at 3–6.) Specifically, Plaintiff alleges that Defendant Garcia refused to change Plaintiff's surgical dressings between August 21 and August 23, 2018 or to schedule appointments, and that her failure to do so and apparent disregard of Plaintiff's doctor's orders for daily dressing changes constitutes deliberate indifference to Plaintiff's serious medical needs and caused his infection and subsequent health issues. (*See id.* at 3–6.)

On April 17, 2019, the Court granted Plaintiff leave to proceed in forma pauperis, screened his complaint pursuant to 28 U.S.C. Section 1915(e)(2) and Section 1915A, and directed the U.S. Marshal to effect service on Plaintiff's behalf. (*See* ECF No. 3.) After service was completed, Defendants answered the allegations against Defendant Garcia and moved to dismiss the claims against Defendant Flores pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* ECF Nos. 7, 10.) The Court subsequently granted Defendant Flores' Motion, dismissing Plaintiff's claims against him. (*See* ECF No. 24, at 2.) As a result, the only remaining parties are Plaintiff and Defendant Garcia.

Once the parties completed fact discovery, Defendant Garcia moved for summary judgment. (*See* ECF No. 44.) Plaintiff was notified of the requirements for opposing summary judgment pursuant to *Rand v. Rowland*, 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), (*see* ECF No. 48), and subsequently filed his Cross-Motion for Partial Summary Judgment, asserting that Defendant Garcia is liable for violating his Eighth Amendment rights as a matter of law, and his Opposition to Defendant's Motion. (*See* ECF Nos. 51, 54.)

## LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a). A fact is material when it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The initial burden of establishing the absence of any genuine issues of material fact falls on the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See id.* at 322–23. In such cases, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

Once the moving party has satisfied its initial burden, the non-moving party cannot rest on the mere allegations or denials of its pleading. The non-moving party must "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. The non-moving party may meet this requirement by presenting evidence from which a reasonable jury could find in its favor, viewing the record as a whole, in light of the evidentiary burden the law places on that party. *See Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221–22 (9th Cir. 1995). In determining whether there are any genuine issues of material fact, the court must "view[] the evidence in the light most favorable to the nonmoving party." *Fontana v. Haskin*, 262 F.3d 871, 876 (9th Cir. 2001) (citation omitted).

## **DISCUSSION**

As mentioned, both Parties have moved for summary judgment. Defendant argues that Plaintiff has no evidence of "deliberate indifference" by Defendant Garcia that would violate the Eighth Amendment, and that even if there is evidence of deliberate indifference, Garcia is entitled to qualified immunity. (*See generally* ECF No. 44.) In addition to Plaintiff's contention that genuine disputes of material fact preclude summary

judgment for Defendant Garcia, Plaintiff's Cross-Motion argues that the undisputed facts demonstrate that Defendant Garcia was deliberately indifferent to Plaintiff's serious medical needs, and therefore is liable as a matter of law. (*See generally* ECF No. 51.)

## I. Defendant's Motion for Summary Judgment

Deliberate indifference to serious medical needs of prisoners constitutes "unnecessary and wanton infliction of pain," in violation of the Eighth Amendment's prohibition on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). "In the Ninth Circuit, the test for deliberate indifference consists of two parts." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc)). "First, the plaintiff must show a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Id.* (quoting *McGuckin*, 974 F.2d at 1059) (internal quotation marks omitted). Second, a plaintiff must demonstrate that the defendant's response to the serious medical need was "deliberately indifferent." *See id.* (citing *McGuckin*, 974 F.2d at 1060). "This second prong—the defendants' response to the need was deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* (citation omitted).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even gross negligence and recklessness are insufficient to establish deliberate indifference for an Eighth Amendment claim. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence); *see Farmer*, 511 U.S. at 837 (recklessness). Instead, the plaintiff must demonstrate that the prison official denied, delayed, or

intentionally interfered with medical treatment, which is "not an easy test for Plaintiffs to satisfy." *Hallett v. Morgan*, 296 F.3d 732, 744–45 (9th Cir. 2002) (citations omitted).

Defendant offers three arguments for why Plaintiff's claims of deliberate indifference fail as a matter of law. First, Defendant notes that at the time she allegedly refused to change Plaintiff's surgical dressing, Plaintiff's primary care doctor had instructed that his dressing be changed "as needed," not daily, and that Plaintiff's medical records do not reflect any requests by Plaintiff for dressing changes. (*See* ECF No. 44, at 14–15.) Second, and relatedly, Defendant suggests that even if she did refuse to treat Plaintiff when he allegedly visited the clinic on August 21, 22, and 23, 2018, there is "no evidence to show that [Defendant] Garcia knew that the surgical wound constituted a serious medical condition from August 21 – 24, 2018, and intentionally disregarded the danger." (ECF No. 60, at 3; *see also* ECF No. 56, at 7.) As a result, Defendant concludes, she was not deliberately indifferent in failing to change Plaintiff's dressings on August 21, 22, and 23, 2018. (*See* ECF No. 44, at 14–15.) Finally, Defendant argues that there is no evidence demonstrating that the alleged failure to change Plaintiff's dressing during that period caused his infection, the symptoms of which were she asserts were not evident until August 27, 2018. (*See id.* at 15.)

For his part, Plaintiff argues that genuine disputes of material fact preclude summary judgment in Defendant's favor. Plaintiff reiterates the view, articulated in his Complaint and in declarations attached to both his Opposition and Cross-Motion, that during the relevant period, his doctor ordered daily, not as needed, dressing changes. (*See* ECF No. 54, at 13; *see also id.* at 2–4; ECF No. 51, at 3.) In support, Plaintiff points to two lists of medical orders, appended to his declarations, directing daily dressing changes on, among others, August 21, 22, and 23, 2018. (*See* ECF No. 51, at 10; *see also* ECF No. 54, at 24.) Second, Plaintiff notes that even if dressing changes were to be provided only "as needed" on those dates, he went to the clinic each day and Defendant Garcia refused to examine his wound or change his dressing. (*See* ECF No. 54, at 14.) Third, Plaintiff notes various alleged inconsistencies in how the treatment he did and did

not receive was documented, which he argues demonstrates that Defendant's statements in her declaration are untruthful.  (*See id.* at 15.)

As should be clear, much of the Parties' submissions focus on their dispute over whether Plaintiff was to receive dressing changes on a daily or "as needed" basis from August 21 to August 23, 2018.  Although both parties point to evidence in the record supporting their positions, this dispute is ultimately immaterial and does not preclude granting summary judgment.  *See Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir. 1986) (concluding that a dispute as to an immaterial fact did not preclude summary judgment); *see also* Wright & Miller, 10A *Fed. Prac. & Proc. Civ.* § 2725.1 (4th ed. 2020) ("[A] factual issue that is not necessary to the decision is not material within the meaning of Rule 56(a) and a motion for summary judgment may be granted without regard to whether it is in dispute.").  The central merits question posed by Plaintiff's Complaint and the Parties' Motions is whether Defendant Garcia was deliberately indifferent to Plaintiff's serious medical needs as a matter of law, not whether she followed Plaintiff's doctor's orders.  Put another way, even assuming that Plaintiff is right, and Defendant Garcia disregarded Plaintiff's doctor's instructions and refused to perform daily dressing changes on August 21, 22, and 23, 2018 or schedule them in accordance with the doctor's orders, thus delaying Plaintiff's medical treatment, those actions amount to deliberate indifference only if they caused Plaintiff's subsequent infection or another cognizable harm.  *See Jett*, 439 F.3d at 1096 (noting that an essential element of an Eight Amendment medical care claim is "harm caused by the [alleged deliberate] indifference." (citing *McGuckin*, 974 F.2d at 1060)); *see also Coreas v. Miller*, No. 1:10-cv-00703 LJO JLT (PC), 2012 WL 4863213, at *4 (E.D. Cal. Oct. 11, 2012) (rejecting argument that denial of bandages itself violated the Constitution in the absence of evidence that the failure to provide bandages caused further injury or pain), *aff'd* 536 F. App'x 708, 709 (9th Cir. 2013).

Defendant Garcia met her initial burden of "proving the absence of a genuine issue of material fact" as to whether her failure to change Plaintiff's dressing on August 21, 22,

1  and 23, 2018 caused the infection Plaintiff developed the night of August 26, 2018. *See*
2  *Celotex*, 477 U.S. at 323. As Defendant points out, Plaintiff's medical records from
3  August 24 to August 26, 2018 reflect regular dressing changes and do not note any signs
4  or symptoms of infection. (*See* ECF No. 44-5, at 29, 31, 33.) In fact, on August 26,
5  2018, the day before Plaintiff was hospitalized for his infection, his medical records
6  specifically note that there were "no S/S of infection" when his dressing was changed.
7  (*See id.* at 33.) Nothing in Plaintiff's medical records or the other evidence submitted by
8  Defendant connects the failure to change Plaintiff's dressing from August 21 to August
9  23, 2018 to the infection Plaintiff developed on the night of August 26, 2018.
10 Accordingly, Defendant has "negat[ed] an essential element of [Plaintiff's] claim"—the
11 requirement that Plaintiff "demonstrate that the defendant's conduct was the actionable
12 cause of the claimed injury." *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th
13 Cir. 2008); *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102
14 (9th Cir. 2000). Having done so, the burden is thus on Plaintiff to "come forward with
15 'specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus.*
16 *Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e))
17 (emphasis omitted).
18      Although Defendant raised the issue of causation in her Motion and in opposition
19 to Plaintiff's Cross-Motion, Plaintiff failed to address it directly in any of his
20 submissions. (*See* ECF No. 44, at 15; ECF No. 56, at 7–8; ECF No. 60, at 3.)
21 Nevertheless, the Court considers all of the evidence submitted by both parties as well as
22 Plaintiff's Complaint in determining whether there is a genuine issue of material fact as
23 to the cause of Plaintiff's injury, and therefore his claim of deliberate indifference. *See*
24 *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (explaining that the Ninth Circuit
25 has "held consistently that courts should construe liberally motion papers and pleading
26 filed by *pro se* inmates and should avoid applying summary judgment rules strictly."
27 (citing *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999))). Plaintiff's submissions
28 and the record point to two potential pieces of evidence that might create a genuine issue

of material fact. First, Plaintiff's Complaint and summary judgment declarations note that the records of his August 24, 2018 dressing change refer to "[s]light swelling . . ." of his surgical wound. (*See* Compl. at 4 (alleging that on August 24, 2018 his "wound was slightly swollen, and posibly [sic] infected."); ECF No. 44-5, at 29 (medical records from August 24, 2018 noting "[s]light swelling" without reference to any possible infection); *see also* ECF No. 54, at 4 (Plaintiff's Declaration in Opposition to Defendant's Motion for Summary Judgment referencing the slight swelling noted in his medical records).) Second, in his Declaration in Opposition to Defendant's Motion for Summary Judgment, Plaintiff suggests that the "small serous discharge" noted in the record of his August 26, 2018 dressing change demonstrates that "it is obvious [his] wound was infected." (*See* ECF No. 54, at 4; *see also* ECF No. 44-5, at 33.)

Construing this evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has failed to raise a triable issue as to whether Defendant Garcia's conduct caused his injury. Taking the "[s]light swelling" noted on August 24, 2018 first, unchallenged expert testimony submitted by Defendant makes clear that "[s]light swelling to a surgical wound would not be unexpected absent additional signs of infection." (*See* ECF No. 44-1, ¶ 10.) No other possible signs of infection are mentioned in Plaintiff's medical records for August 24, and neither swelling nor other signs or symptoms of infection were noted when Plaintiff's dressing was changed again on August 25 and August 26. (*See* ECF No. 44-5, at 31, 33 (describing dressing change on August 26 and noting "no S/S of infection . . . .").) Nor does Plaintiff assert that he experienced other symptoms of infection between August 24 and August 26, 2018 that would not be reflected in his medical records.

As for the serous discharge noted in the record of Plaintiff's August 26, 2018 dressing change, that same document notes the absence of "S/S of infection." (*See id.* at 33.) Additionally, similar discharges are noted in Plaintiff's medical records before August 21, 2018, when Defendant Garcia allegedly first refused to change Plaintiff's dressing. (*See* ECF No. 44-5, at 22 (August 19, 2018 dressing change noting "small clear

red drainage" and "no S/S of infection"); *id.* at 24 (August 20, 2018 dressing change with "some serosanguineous fluid" and "no s/sx of infection").)  Plaintiff does not challenge the accuracy of his medical records, and in fact repeatedly relies upon them elsewhere in support of his position.  Under these circumstances Plaintiff's conclusory assertion that the serous discharge on August 26, 2018 means it was "obvious [that his] wound was infected," (ECF No. 54, at 4), is insufficient to create a genuine issue of material fact.  *See, e.g.*, *FTC v. Publ'g Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact."); *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to . . . oppose a motion must be made on personal knowledge [and] set out facts that would be admissible in evidence . . . .").  Thus, neither Plaintiff's Complaint nor any other evidence in the record suggests that any symptoms of infection were present until the night of August 26, 2018—three days, and three uneventful dressing changes without noted signs of infection, after Defendant Garcia's last alleged failure to change Plaintiff's dressing.  (*See* Compl. at 4–5; *see also* ECF No. 54, at 4 (declaration describing symptoms on the night of August 26, 2018).)  And Plaintiff offers no factual basis on which a reasonable jury could conclude that the infection that began on August 26, 2018 was the result of Defendant Garcia's failure to change his dressing between August 21 and August 24, 2018.

      Plaintiff has the burden of proving that the alleged deliberate indifference caused him harm.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).  Having failed to point to any evidence that Defendant Garcia's failure to change his dressing caused his infection, or that the swelling noted on August 24 and discharge on August 26 were—contrary to his medical records and uncontroverted expert evidence—signs of infection caused by Defendant Garcia's actions, Plaintiff has failed to create a triable issue of fact as to the second prong of a deliberate indifference claim.  *See Jett*, 439 F.3d at 1096; *see also Celotex*, 477 U.S. at 323 ("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

Accordingly, Defendant Garcia is entitled to judgment as a matter of law, and Defendant's Motion for Summary Judgment is **GRANTED**.[1] *See Celotex*, 477 U.S. at 323 ("The moving party is 'entitled to a judgment as a matter of law' [when] the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.").

## II. Plaintiff's Cross-Motion

As mentioned previously, Plaintiff has also moved for partial summary judgment, arguing that Defendant Garcia is liable for deliberate indifference as a matter of law. (*See* ECF No. 51.) Plaintiff's argument rests on the same dispute outlined above over whether dressing changes were to be performed daily or as needed from August 21 to August 23, 2018. (*See id.* at 54–55.) In essence, Plaintiff asserts that Defendant Garcia's alleged refusal to change Plaintiff's dressings on those days or to schedule appointments for dressing changes were deliberately indifferent, and that nurses like Defendant Garcia violate the Eighth Amendment and are not entitled to qualified immunity when they disregard the instructions of a treating physician. (*See id.* at 55–58.)

Defendant's response largely repeats many of the arguments she made in support of her Motion. Specifically, Defendant argues that the failure to change Plaintiff's dressings on August 21, 22, and 23, 2018 was not constitutionally deficient, complied with doctor's orders, and did not cause Plaintiff's subsequent infection or any other harm. (*See* ECF No. 56, at 7–8.) Defendant also argues that she is entitled to qualified immunity. (*See id.* at 8.)

The Court has reviewed Plaintiff's Cross-Motion and the evidence upon which it relies already in its discussion of Defendant's Motion. *See Fair Hous. Council of*

---

[1] Because the Court finds Defendant Garcia is entitled to judgment as a matter of law on the merits of Plaintiff's Eighth Amendment claim, the Court need not address Defendant's alternative argument that she is entitled to qualified immunity. *See, e.g.*, *Aguilera v. Baca*, 510 F.3d 1161, 1167, 1174 (9th Cir. 2007) (noting that if no constitutional violation occurred the court need not decide whether qualified immunity applies).

1  *Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1134 (9th Cir. 2001) ("[W]hen simultaneous cross-motions for summary judgment on the same claim are before the court, the court must consider the appropriate evidentiary material identified and submitted in support of both motions, and in opposition to both motions, before ruling on each of them."). As with Defendant's Motion, regardless of what instructions applied to Plaintiff's care from August 21 to August 23, 2018, Plaintiff has failed to point to any facts on which a reasonable jury could conclude that Defendant Garcia's actions caused Plaintiff's infection or any subsequent injury. Indeed, Plaintiff's Cross-Motion makes no mention of causation whatsoever. As the Court has previously explained, causation is an essential element of a deliberate indifference claim. *See Jett*, 439 F.3d at 1096. In the absence of any evidence as to an essential element of his claim, Plaintiff cannot demonstrate that he is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

Accordingly, Plaintiff's Cross-Motion for Summary Judgment is **DENIED**.

## CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendant Garcia's Motion for Summary Judgment (ECF No. 44) and **DENIES** Plaintiff's Cross-Motion for Summary Judgment (ECF No. 51). The Clerk of the Court is **DIRECTED** to enter judgment in favor of Defendant Garcia and to close the case.

**IT IS SO ORDERED**.

Dated: February 3, 2021

Hon. Gonzalo P. Curiel
United States District Judge